# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-1178

_____

Terri Bogan

*Plaintiff - Appellant*

v.

Carolyn W. Colvin, Acting Commissioner, Social Security Administration

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Jonesboro

_____

Submitted: September 2, 2014
Filed: September 5, 2014
[Unpublished]

_____

Before MURPHY, BOWMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Terri Bogan appeals the district court's[1] order affirming the denial of disability insurance benefits. Upon de novo review, see Van Vickle v. Astrue, 539 F.3d 825, 828 & n.2 (8th Cir. 2008), we find that the administrative law judge's (ALJ's) opinion is supported by substantial evidence on the record as a whole. Specifically, because the ALJ gave several valid reasons for finding Bogan's subjective complaints and limitations not fully credible, we defer to the ALJ's credibility determination. See Turpin v. Colvin, 750 F.3d 989, 993 (8th Cir. 2014). Further, it was proper for the ALJ to give little weight to the opinion of treating psychiatrist Larry Felts on Bogan's mental residual functional capacity (RFC). See Renstrom v. Astrue, 680 F.3d 1057, 1064-65 (8th Cir. 2012) (treating physician's opinion does not automatically control; such opinion must be well-supported by medically acceptable clinical diagnostic techniques); see also McDade v. Astrue, 720 F.3d 994, 999-1000 (8th Cir. 2013) (physician's opinion was properly discounted as he appeared to rely on claimant's own subjective reports of symptoms and limitations; medical source opinion that applicant is unable to work involves issue reserved for Commissioner). In sum, because the credibility determination was proper and the ALJ's RFC findings are consistent with the medical evidence, we conclude that Bogan failed to meet her burden of showing greater mental or physical restrictions, see Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004) (claimant has burden of establishing RFC; factors in RFC determination); and that a vocational expert's testimony in response to the ALJ's hypothetical was substantial evidence that there were other jobs in the economy Bogan could perform, see McCoy v. Astrue, 648 F.3d 605, 617 (8th Cir. 2011). The judgment of the district court is affirmed.

_____

[1]The Honorable Beth Deere, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).